1  Rick Edwards (CA State Bar #53465)
   RICK EDWARDS, INC.
2  Email: re@rickedwardsinc.com
   1925 Century Park East, 20th Floor
3  Los Angeles, CA  90067
   Phone (310) 277-6464; Fax (310) 286-9501
4
   Attorney for Plaintiff EPICUREN DISCOVERY, LLC
5

FILED

2012 OCT 24  PM 2: 56

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

6

7              UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9

10

11
   EPICUREN DISCOVERY, LLC, an Alaska )  Case No.: SACV12-1856-JVS(RNBX)
12 Limited Liability Company           )
                                       )  COMPLAINT FOR REGISTERED
13            Plaintiff,               )  TRADEMARK INFRINGEMENT UNDER
       v.                              )  SECTION 32 OF THE LANHAM ACT, 15
14                                     )  U.S.C.A. § 1114; FALSE DESIGNATION OF
   LINDA L. ROSS, an Individual and d/b/a )  ORIGIN, UNFAIR COMPETITION AND
15 EPICORE SKIN PRODUCTS, INC.,        )  DILUTION UNDER SECTION 43(A) OF THE
   EPICORE BY LINDA ROSS, and LINDA    )  LANHAM ACT, 15 U.S.C.A. §§ 1125(A) AND
16 ROSS EPICORE;  LINDA L. ROSS as     )  (C); COMMON LAW UNFAIR
   successor in interest to EPICORE SKIN )  COMPETITION AND TRADEMARK
17 CARE PRODUCTS, INC., a dissolved    )  INFRINGEMENT; TORTIOUS
   California Corporation; EPICORE BY  )  MISAPPROPRIATION OF GOODWILL;
18 LINDA ROSS, a California Corporation; )  COMMON LAW TRADEMARK DILUTION;
   and LINDA ROSS EPICORE, INC., a     )  UNJUST ENRICHMENT
19 California Corporation               )
                                       )
20            Defendants.              )
                                       )  DEMAND FOR JURY TRIAL
21                                     )
                                       )
22

23        Plaintiff EPICUREN DISCOVERY, LLC, complains as follows against Defendants

24 LINDA L. ROSS, an Individual and d/b/a EPICORE SKIN CARE PRODUCTS, EPICORE BY

25 LINDA ROSS, and LINDA ROSS EPICORE; LINDA L. ROSS as successor in interest to

26 EPICORE SKIN CARE PRODUCTS, INC., a dissolved California Corporation; EPICORE BY

27 LINDA ROSS, a California Corporation; and LINDA ROSS EPICORE, INC., a California

28 Corporation:

epicuren\ross.12\Complaint.p                     - 1 -

**Jurisdiction and Venue**

1.      This Court has jurisdiction over Plaintiff Epicuren Discovery, LLC's claims pursuant to 15 U.S.C.A. § 1121, 28 U.S.C.A. §§ 1331, 1338, and 1367.

2.      Venue is proper in this District pursuant to 28 U.S.C.A. §§ 1391(b) and (c).

**Nature of the Action**

3.      This is an action for registered Trademark Infringement under section 32 of the Lanham Act, 15 U.S.C.A. § 1114; False Designation of Origin, Unfair Competition and Dilution under section 43(a) of the Lanham Act, 15 U.S.C.A. §§ 1125(a) and (c); Common Law Unfair Competition and Trademark Infringement; Tortious Misappropriation of Goodwill; Common Law Trademark Dilution; Unjust Enrichment; and Breach of Contract.

**Parties**

4.      Plaintiff Epicuren Discovery, LLC ("Plaintiff"), is an Alaska Limited Liability Company with principal place of business at 26081 Merit Circle #116, Laguna Hills, California 92653.

5.      Plaintiff alleges on information and belief:

a. Defendant Linda L. Ross is an individual and a resident of Los Angeles County, California, doing business at 132-A South Lasky Drive, Beverly Hills, CA 90212, and does business under the fictitious names of Epicore Skin Care Products, Epicore by Linda Ross, and Linda Ross Epicore:

b. Defendant Linda L. Ross is the successor in interest to Epicore Skin Care Products, Inc., a California corporation registered on or about February 4, 2000 and currently dissolved, and does business at 132-A South Lasky Drive, Beverly Hills, CA 90212.

c. Defendant Epicore by Linda Ross is a California corporation registered on or about January 11, 2012, with its principal place of business at 132-A South Lasky Drive, Beverly Hills, CA 90212.

d. Defendant Linda Ross Epicore is a California corporation registered on or about August 13, 1997 with its principal place of business at 132-A South Lasky Drive, Beverly Hills, CA 90212.

1        e.   Although Plaintiff does not yet fully understand the relationship among the

2    Defendants and the nature and extent of each Defendant's involvement in the activities alleged

3    herein, the "entity" defendants all use the name "Epicore" as part of their business names and

4    they all do business out of the same address as does Defendant Linda Ross.  Plaintiff therefore

5    refers to Defendants collectively as "Defendants".

6    **Epicuren Discovery, LLC's Proprietary Interest in its Distinctive Trademarks**

7        6.    Since at least as early as July 1, 1983, Epicuren Discovery LLC, and its

8    predecessors in interest, have been a leading manufacturer and seller of body, facial, skin and hair

9    care products and preparations (the "Epicuren Discovery, LLC Products"), which are offered to

10   consumers worldwide and throughout the United States, including the State of California.

11       7.    Epicuren Discovery, LLC is the owner of the following U.S. trademark

12   registrations for the "EPICUREN" mark and related marks:

13       a.   "EPICUREN®":  "U.S. Reg. No. 2420501 registered on January 16, 2001

14   in Class 3 and covering:

15           "Body and facial skin products, namely, skin cleanser, skin

16           moisturizers, gentle skin exfoliants, and suntanning preparations,

17           excluding hair lotions and hair creams"

18           with a First Use date of July 1, 1983 and First Use in Commerce date of

19   July 1, 1983.

20       b.   "EPICUREN®":  "U.S. Reg. No. 3817885 registered on July 13, 2010 in

21   Class 3 and covering "Hair care preparations", with a First Use date of July 1, 1983 and First Use

22   in Commerce date of July 1, 1983.

23       c.   "EPICUREN DISCOVERY®":  "U.S. Reg. No. 3893926 registered on

24   December 21, 2010 in Class 3 and covering:

25           "Body and facial skin products, namely, skin cleanser, skin

26           moisturizers, gentle skin exfoliants, and suntanning preparations;

27           hair care preparations"

28           with a First Use date of December 31, 1998 and First Use in Commerce

1  date of December 31, 1998.

2  (Hereafter collectively, the "Epicuren Discovery, LLC Marks").

3      8.      Registration of the Epicuren Discovery, LLC Marks constitute conclusive

4  evidence of Epicuren Discovery, LLC 's exclusive right to use the Epicuren® and Epicuren

5  Discovery® names and marks throughout the United States in connection with body, facial, skin

6  and hair care products and preparations and entitles Epicuren Discovery, LLC to prevent others

7  from using the marks in a confusingly similar manner in the field of body, facial, skin and hair

8  care products and preparations.

9      9.      The Epicuren Discovery, LLC Marks cover the broad category of body, facial,

10  skin and hair care products and preparations, without limitation as to specific industry areas or

11  types of products.

12      10.      Since at least as early as July 1, 1983, Epicuren Discovery, LLC, and its

13  predecessors, have offered its products to consumers under the Epicuren® mark and, since

14  December 31, 1998 under the Epicuren Discovery® mark, and have used said marks in interstate

15  commerce.

16      11.      Since at least as early as July 1, 1983, Epicuren Discovery, LLC, and its

17  predecessors, have been a market leader and Epicuren Discovery, LLC, is recognized industry

18  wide for its products. As a result of widespread public use and recognition, the Epicuren

19  Discovery, LLC Marks have become assets of substantial value and goodwill as indicators of the

20  source for Epicuren Discovery, LLC and the Epicuren Discovery, LLC Products, and have

21  acquired secondary meaning.

22      12.      The Epicuren Discovery, LLC Products are promoted and marketed through

23  substantial and ongoing business activities throughout:

24          a.      The body, facial, skin and hair care products and preparations industries;

25          b.      Its company Web site, nation-wide and world-wide industry publications;

26  and

27          c.      Through the significant recognition and goodwill established by the

28  Epicuren Discovery, LLC name within the aforesaid industries.

epicuren\ross.12\Complaint.p                                      - 4 -

PLAINTIFF EPICUREN DISCOVERY, LLC'S COMPLAINT AGAINST DEFENDANT LINDA ROSS

1    13.    Epicuren Discovery, LLC has been actively expanding its use of the Epicuren

2 Discovery, LLC Marks and continues to market its products extensively under one or more of the

3 Epicuren Discovery, LLC Marks throughout the United States and beyond.

4    14.    Epicuren Discovery, LLC has expended significant time, money and effort in

5 advertising and promoting the Epicuren Discovery, LLC Marks, the Epicuren Discovery, LLC

6 Products provided under these marks, and in developing substantial and exclusive goodwill and

7 reputation in connection with the products on and with which the Epicuren Discovery, LLC

8 Marks are used.

9    15.    As a result of these expenditures, combined with substantial sales of quality

10 products under the Epicuren Discovery, LLC Marks, the relevant consuming public has come to

11 recognize the brand name Epicuren Discovery, LLC as favorably distinguishing the Epicuren

12 Discovery, LLC Products from those of others.

13    16.    The Epicuren Discovery, LLC Marks are well known and have attained significant

14 consumer recognition in the marketplace.

15    17.    The Epicuren Discovery, LLC Marks serve as symbols of and sources for the

16 highest standards in body, facial, skin and hair care products and preparations to consumers.

17 **Defendants' Infringing Use of the Epicuren Discovery, LLC Marks**

18    18.    Defendant Linda L. Ross has worked under contract with Plaintiff Epicuren

19 Discovery, LLC and its predecessors, since approximately 1994, demonstrating and selling

20 Plaintiff's products. Plaintiff is also informed and believes that Defendant has had a long-

21 standing skin-care business which was used solely for the provision of skin care *services* to her

22 customers. Plaintiff has long understood that Defendant performed all of her skin care *services*

23 under the name "Epicore" in conjunction with Defendant's name, "Linda Ross".

24    19.    Plaintiff has recently learned for the first time through filings submitted by

25 Defendant Linda L. Ross to the United States Patent and Trademark Office ("USPTO") that she

26 represented and verified to the USPTO that she has been using the name, "EPICORE BY LINDA

27 ROSS" in connection with *products* that directly compete with the Epicuren Discovery, LLC

28 Products, i.e., products provided under the Epicuren Discovery, LLC Marks. More specifically:

epicuren\ross.12\Complaint.p                        - 5 -

a. On November 9, 2010, Defendant Linda L. Ross filed an application for trademark registration for the mark, "EPICORE BY LINDA ROSS" ("Defendant's Application").

b. Defendant's Application was assigned serial number 85172999 by the USPTO.

c. Defendant's Application filed under International Class 3 purports to encompass:

"Non-medicated skin care products, namely, epidermal growth

factor creams; non-medicated epidermal growth factor skin serum;

epidermal growth factor body lotion; face and body scrubs;

propolis and royal jelly creams for cosmetic purposes; propolis

face and body masks for cosmetic purposes; eye creams; face

beauty masks; body masks; colostrum face products, namely,

beauty facial masks and beauty facial creams; aloe vera gel for

cosmetic purposes; skin condition treatment cream and lotion,

namely, non-medicated skin creams and lotions for all skin types;

skin and body cleansers; microdermabrasion face and body scrub;

skin purifiers; pulsating masks, namely, facial masks; shave

creams; sunscreens; lip balms and oil control facial powder."

d. Defendant verified, under acknowledgment of penalty for willfully false statements to the USPTO in Defendant's Application, that her first use/first use in commerce was March 1, 1994.

20. Any such use in commerce by Defendants is, and has always been, unauthorized.

21. Upon information and belief, consumers located in all fifty states, including the State of California, can access and transact business with Defendants through Defendants' Web site and e-mail address "EpicoreSkinCare@aol.com".

22. Upon information and belief, the infringing products are marketed, sold, or offered for sale in interstate commerce.

23. Upon information and belief, these activities by Defendants have been continuous

1   and with the intent to sell products to consumers in the United States, including the State of

2   California.

3         24.     Defendants' use of the term "EPICORE" is substantially misleadingly and

4   confusingly similar to the dominant portion of the Epicuren Discovery, LLC Products' family of

5   well-known Epicuren Discovery, LLC Marks.

6         25.     Upon information and belief, Defendants target, sell, and offer to sell Defendants'

7   products to the same class of consumers that are familiar with and to whom the Epicuren

8   Discovery, LLC Products are sold under the Epicuren Discovery, LLC Marks.

9         26.     Upon information and belief, Defendants' products are sold in the same channels

10   of trade in which the Epicuren Discovery, LLC Products travel.

11         27.     Because of the confusing similarities between (a) the Epicuren Discovery, LLC

12   Marks, and (b) Defendants' product name and Web site and Web postings – which specifically

13   discuss and detail Defendants' relationship with Plaintiff and users of Plaintiff's products –

14   consumers are likely to purchase product from Defendants, mistakenly believing such product is

15   sponsored by Plaintiff or that Defendants are affiliates of Plaintiff.

16         28.     Defendants' infringing activities are likely to cause confusion, mistake, and

17   deception among the consuming public as to the origin of the Infringing Products.

18         29.     Upon information and belief, Defendants' activities are false and misleading, and

19   misrepresent the nature, characteristics and quality of Defendants' products.

20         30.     Plaintiff is informed and believes that Defendants' acts were and are committed

21   with knowledge that their imitation of Plaintiff's mark was and is intended to cause confusion or

22   mistake, or to deceive.  Defendants, through Defendant Linda L. Ross's services performed for

23   Plaintiff, has had actual notice and full knowledge of Plaintiff's trademarks since she began her

24   business relationship with Plaintiff in approximately 1994.

25         31.     By letter dated September 7, 2012, Epicuren Discovery, LLC demanded that

26   Defendants cease and desist all use of the word "EPICORE" in connection with their products.

27         32.     Although Defendants, through their representatives, acknowledged receipt of said

28   letter, Defendants have not agreed to cease and desist.

33.     Defendants' use of the additional term "by Linda Ross" does not serve to distinguish Defendants and their infringing products from those of Plaintiff, the Epicuren Discovery, LLC Products, or the Epicuren Discovery, LLC Marks.

**COUNT ONE: REGISTERED TRADEMARK INFRINGEMENT UNDER SECTION 32 OF THE LANHAM ACT, 15 U.S.C.A. § 1114**

34.     Epicuren Discovery, LLC repeats the allegations set forth in paragraphs 1 through 33 of the Complaint as if set forth at length herein.

35.     Defendants' actions constitute infringement of the Epicuren Discovery, LLC Marks in violation of Epicuren Discovery, LLC 's rights under Section 32 of the Lanham Act, 15 U.S.C.A. § 1114.

36.     As a direct result of Defendants' unlawful activities, Epicuren Discovery, LLC has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

37.     Defendants' conduct has caused and will continue to cause injury to Epicuren Discovery, LLC's goodwill and reputation, and will continue to both damage Epicuren Discovery, LLC and the public unless enjoined by this Court.

**COUNT TWO: FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C.A. § 1125(a)**

38.     Epicuren Discovery, LLC repeats the allegations in paragraphs 1 through 33 of the Complaint as if set forth at length herein.

39.     Defendants' actions constitute a false designation of origin under 15 U.S.C.A. § 1125(a). Those actions are likely to cause confusion, mistake or to deceive, and have confused and deceived consumers and prospective consumers into believing that Defendants and the infringing products are affiliated with, sponsored by, or somehow connected with Epicuren Discovery, LLC and/or the Epicuren Discovery, LLC Marks.

40.     Defendants' unlawful activities reflect adversely on Epicuren Discovery, LLC because Epicuren Discovery, LLC has no ability to control the quality of Defendants' products. Epicuren Discovery, LLC 's efforts to continue to protect its outstanding reputation for high

1  quality products will be hampered, resulting in the loss of sales thereof, to the irreparable harm of

2  Epicuren Discovery, LLC.

3      41.    As a direct and proximate result of Defendants' above-described actions, Epicuren

4  Discovery, LLC has suffered and will continue to suffer damages in an amount presently

5  unknown and to be ascertained at the time of trial.

6  **COUNT THREE: UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM**

7  **ACT, 15 U.S.C.A. § 1125(a)**

8      42.    Epicuren Discovery, LLC repeats the allegations set forth in paragraphs 1 through

9  33 of the Complaint as if set forth at length herein.

10      43.    Defendants' actions constitute unfair competition under 15 U.S.C.A. § 1125(a), by

11  passing off their mark for that of Epicuren Discovery, LLC in a manner that is false, misleading,

12  and misrepresents the nature, characteristics and qualities of Defendants' products.

13      44.    As a direct and proximate result of Defendants' above-described actions, Epicuren

14  Discovery, LLC has suffered and will continue to suffer damages in an amount presently

15  unknown and to be ascertained at the time of trial.

16  **COUNT FOUR: FEDERAL TRADEMARK DILUTION UNDER SECTION 43 (a) OF**

17  **THE LANHAM ACT, 15 U.S.C.A. § 1125(c)**

18      45.    Epicuren Discovery, LLC repeats the allegations in paragraphs 1 through 33 of the

19  Complaint as if set forth at length herein.

20      46.    By virtue of its widespread and continuous use in connection with the Epicuren

21  Discovery, LLC Products the Epicuren Discovery, LLC Marks have become famous, with

22  distinctive qualities, over three decades.

23      47.    Defendants' actions constitute use in commerce of a word, term, name, or device

24  that is likely to dilute the distinctive quality of Plaintiff's famous marks in violation of 15

25  U.S.C.A. § 1125(c).

26      48.    As a direct and proximate result of Defendants' above-described actions, Epicuren

27  Discovery, LLC has suffered and will continue to suffer damages in an amount presently

28  unknown and to be ascertained at the time of trial.

epicuren\ross.12\Complaint.p

PLAINTIFF EPICUREN DISCOVERY, LLC'S COMPLAINT AGAINST DEFENDANT LINDA ROSS

## COUNT FIVE:   COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

49.     Epicuren Discovery, LLC repeats the allegations in paragraphs 1 through 33 of the Complaint as if set forth at length herein.

50.     Defendants' acts constitute unfair competition with Plaintiff and trademark infringement.  Those acts are designed to trade upon the popularity, good will and unique elements and features created by Plaintiff and the exclusive rights of Plaintiff to exploit the same, in order to pass off Defendants' products and marks as Plaintiff's products and marks by confusing members of the public about the actual origin of the infringing products and thereby to induce the public to buy the infringing products, and not to buy products authorized by Plaintiff.

51.     Defendants' activities are likely to confuse consumers as to the source, sponsorship or approval of the infringing products, and unless Defendants are enjoined and restrained from producing, manufacturing, printing, distributing, selling, marketing, promoting, advertising and otherwise exploiting the infringing products, Plaintiff will be irreparably damaged.

## COUNT SIX:   TORTIOUS MISAPPROPRIATION OF GOODWILL

52.     Epicuren Discovery, LLC repeats the allegations in paragraphs 1 through 33 of the Complaint as if set forth at length herein.

53.     The acts of Defendants constitute tortious misappropriation of the goodwill and reputation of Epicuren Discovery, LLC. Defendants have usurped for their own commercial advantage the unique elements and features of the Epicuren Discovery, LLC Marks and the affirmative associations attached thereto by the public due to Plaintiff's efforts.  Defendants' conduct is specifically designed for purposes of trading upon the popularity and goodwill of Plaintiff.

54.     Unless Defendants are enjoined and restrained from producing, manufacturing, distributing, selling, marketing, promoting, advertising and otherwise exploiting the infringing products, Plaintiff will be irreparably damaged.

55.     Plaintiff has no adequate remedy at law.

56.    By reason of the foregoing, Plaintiff is entitled to a permanent injunction enjoining Defendants from further such acts of misappropriation of good will, and for an award of compensatory and punitive damages from Defendants in an amount to be proved at trial.

**COUNT SEVEN: COMMON LAW TRADEMARK DILUTION**

57.    Epicuren Discovery, LLC repeats the allegations in paragraphs 1 through 33 of the Complaint as if set forth at length herein.

58.    Defendants' use of marks confusingly similar to the Epicuren Discovery, LLC Marks is designed and willfully intended to trade on the respective reputations and upon the affirmative associations attached to the Epicuren Discovery, LLC Marks, and/or to cause dilution of the Epicuren Discovery, LLC Marks.

59.    Plaintiff is informed and believes that the inferior quality of the infringing products tarnish the reputation for quality that the Epicuren Discovery, LLC Marks have come to convey.

60.    As a result of the foregoing there is a likelihood of dilution of the distinctive quality of the Epicuren Discovery, LLC Marks.

61.    Unless Defendants are enjoined and restrained from producing, manufacturing, distributing, selling, marketing, promoting, advertising and otherwise exploiting the infringing products, Plaintiff will be irreparably injured and damaged.

62.    Plaintiff has no adequate remedy at law.

63.    By reason of the foregoing, Plaintiff is entitled both to a permanent injunction enjoining Defendants from continuing to injure Plaintiff through their dilution of the Epicuren Discovery, LLC Marks and to an award of compensatory and punitive damages in an amount to be proved at trial.

**COUNT EIGHT: UNJUST ENRICHMENT**

64.    Epicuren Discovery, LLC repeats the allegations in paragraphs 1 through 33 of the Complaint as if set forth at length herein.

65.    Plaintiff is informed and believes that Defendants have realized and may continue to realize substantial sums of money from their exploitation of the infringing products.

66.     Defendants, therefore, have been and will hereafter by unjustly enriched.

67.     Plaintiff is entitled to recover those sums by which Defendants have been and will hereafter be unjustly enriched.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Epicuren Discovery, LLC respectfully requests that the Court enter judgment against Defendants, and each of them, and grant the following relief:

A.     For a Preliminary and Permanent Injunction barring Defendants and their officers, directors, agents, servants, employees, successors, predecessors, heirs and assigns, and all persons acting on Defendants' behalf and/or in concert with Defendants, from engaging in any use of the designation "Epicore" or any other name or mark confusingly similar to "Epicuren", either alone or in combination with other words or symbols, as a part of any trademark, service mark, trade name, corporate name, assumed name, domain name, Web site name, e-mail address, or in any other manner in connection with any of Defendants' products or services;

B.     For an Injunction ordering Defendants, pursuant to 15 U.S.C.A. § 1118, to deliver up for destruction all literature, signs, prints, packages, advertising materials, stationery, and any other item bearing the designation "Epicore" either alone or in combination with other words or symbols, that is published, even if not disseminated publicly, to promote Defendants' products;

C.     For an Order directing Defendants to file with the Court and serve on Plaintiff a report setting forth compliance with the injunction;

D.     For an Order directing the cancellation of Defendant Linda L. Ross's application for registration of the mark, "EPICORE BY LINDA ROSS", serial no. 85172999 in the USPTO, and any similar application or registration by any of the Defendants;

E.     For an award of the recovery of Defendants' profits to Epicuren Discovery, LLC, including profits under 15 U.S.C.A. § 1117(a);

F.     For an award of damages, including treble damages, costs, and attorney's fees to Epicuren Discovery, LLC on its claims in an amount to be determined at trial, including but not limited to damages pursuant to 15 U.S.C.A. § 1117(a);

G.     For a declaration that this case is exceptional and to award Epicuren Discovery,

1    LLC its reasonable attorney's fees and the costs of this action under 15 U.S.C.A. § 1117(a);

2         H.      For an award of damages under California law; and

3         I.      For such other and further relief that the Court may deem just and proper under the

4    circumstances.

5    **DEMAND FOR JURY TRIAL**

6         Plaintiff hereby demands trial by jury.

7

8    Dated: October **23**, 2012

9                                        RICK EDWARDS, INC.

10

11                         By: _____
                                RICK EDWARDS
12                              Attorneys for Plaintiff EPICUREN
                                DISCOVERY, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Name & Address:
Rick Edwards (CA State Bar #53465)
RICK EDWARDS, INC.
1925 Century Park East, 20th Floor
Los Angeles, CA 90067
Telephone: 310-277-6464

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPICUREN DISCOVERY, LLC, an Alaska Limited Liabiltiy Company <br><br> PLAINTIFF(S) <br> v. <br><br> LINDA L. ROSS, an Individual and d/b/a EPICORE SKIN PRODUCTS, INC., EPICORE BY LINDA ROSS, and LINDA ROSS EPICORE; LINDA L. * <br><br> DEFENDANT(S). | CASE NUMBER <br><br> SACV12-1856-JVS (RNBx) <br><br><br> **SUMMONS** |

*ROSS as successor in interest to EPICORE SKIN CARE PRODUCTS, INC., a dissolved California Corporation;
EPICORE BY LINDA ROSS, a California Corporation; and LINDA ROSS EPICORE, INC., a California Corporation

TO:     DEFENDANT(S): LINDA L. ROSS, an Individual and d/b/a EPICORE SKIN PRODUCTS, INC., EPICORE BY LINDA ROSS,
and LINDA ROSS EPICORE; LINDA L.ROSS as successor in interest to EPICORE SKIN CARE PRODUCTS,
INC., a dissolved CA Corporation; EPICORE BY LINDA ROSS, a CA Corporation;
A lawsuit has been filed against you. and LINDA ROSS EPICORE, INC., a California Corporation

Within ___21___ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney, _Rick Edwards_____, whose address is
_Rick Edwards, Inc., 1925 Century Park East, 20th Floor, Los Angeles, CA 90067_____.  If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___OCT 2 4 2012___

By: ___MARILYN DAVIS___
           Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                                    SUMMONS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV12- 1856 JVS (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> EPICUREN DISCOVERY, LLC, an Alaska Limited Liability Company | DEFENDANTS <br> LINDA L. ROSS, an Individual and d/b/a EPICORE SKIN PRODUCTS, INC., EPICORE BY LINDA ROSS, and LINDA ROSS EPICORE; LINDA L. ROSS as successor in interest to EPICORE SKIN CARE PRODUCTS, INC., a dissolve <br> CA corp.; EPICORE BY LINDA ROSS, a CA corp.; and LINDA ROSS EPICORE, INC., a California Corporation |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> Rick Edwards (CA State Bar #53465)   Telephone: 310-277-6464 <br> RICK EDWARDS, INC. <br> 1925 Century Park East, 20th Floor, Los Angeles, CA 90067 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No        ☐ MONEY DEMANDED IN COMPLAINT: $ According to proof.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Section 32 of the Lanham Act, 15 U.S.C.A. §1114; Section 43(A) of the Lanham Act, 15 U.S.C.A. §§ 1125(A) and (B)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number: _____SA CV12 - 1856_____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                        CIVIL COVER SHEET                        Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date October 23, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08) | **CIVIL COVER SHEET** | Page 2 of 2